UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
FIRST SERVICE FINANCIAL INC.,                                :
                                                             :
                                    Plaintiff,               :
                                                             :  Case No. 08-CV-03312 (BSJ)
              -against-                                      :  (FM)
                                                             :
THE CITY LIGHTS AT QUEENS LANDING INC.,                      :
                                                             :
                                    Defendant.               :
------------------------------------------------------------ X

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

BLANK ROME LLP
Harris N. Cogan (HC-9313)
Jennifer S. Smith (JS 1941)
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendant*

-i-

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS .....................................................................................................1

ARGUMENT ..........................................................................................................................3

I.     FFI Fails To Allege the Basic Elements of a Breach-of-Contract Claim. ...........................3

     A.     FFI Fails to Allege That It Earned a Commission by Producing a Loan Commitment. ...........................................................................................................3

     B.     FFI's Misrepresentation of the Contract Terms Must be Ignored by this Court. .......................................................................................................................5

II.     FFI's Quasi-Contract Claim Must Be Dismissed. ................................................................6

     A.     FFI's Quantum Meruit Claim Is Barred By The Parties' Contract. .........................6

     B.     Under New York Common Law, Mortgage Brokers Must Procure a Loan Commitment in Order to Earn a Commission. ........................................................8

CONCLUSION .......................................................................................................................9

## TABLE OF AUTHORITIES

<u>Page</u>

### FEDERAL CASES

*Affiliated Capital Services Corp. v. West Atlantic City Associates*, 760 F. Supp. 1067 (W.D.N.Y. 1991) ...................................................................................................7

*Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179 (S.D.N.Y. 2000) ..............................................................................................................................5

### STATE CASES

*805 Third Avenue Co. v. M.W. Realty Associates*, 58 N.Y.2d 447, 448 N.E.2d 445, 461 N.Y.S.2d 778 (1983).................................................................................3

*Brown v. Thompson Hill Devel. Co.*, 248 N.Y. 290, 162 N.E. 83 (1928) ...........................4

*Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987).............................................................................................7

*Furia v. Furia*, 116 A.D.2d 694, 498 N.Y.S.2d 12 (1st Dep't 1986) ..................................3

*Goldstein v. CIBC World Markets Corp.*, 6 A.D.3d 295, 776 N.Y.S.2d 12 (1st Dep't 2004) ................................................................................................................6

*Midland Mortgagee Corp. v. 220 Highland Blvd. Realty Co.*, 156 A.D.2d 351, 548 N.Y.S.2d 304 (2d Dep't 1989).......................................................................4

*Orenstein v. Brum*, 27 A.D.3d 352, 811 N.Y.S.2d 644 (1st Dep't 2006).......................4, 6

*Sibbald v. Bethlehem*, 83 N.Y. 378 (1881) ........................................................................8

*Thoens v. J.A. Kennedy Realty Corp.*, 179 A.D. 216, 108 N.Y.S.2d 882 (1st Dep't 1951) ........................................................................................................................8

*Thomson McKinnnon Securities Inc. v. Cioccolanti*, 555 N.Y.S.2d 792 (1st Dep't 1990) .....................................................................................................................4, 7

**PRELIMINARY STATEMENT**

Plaintiff First Service Financial Inc. ("FFI") entered into a standard loan brokerage contract with Defendant Citylights at Queens Landing Inc., sued herein as The City Lights at Queens Landing Inc., ("Citylights") in which FFI would only earn a commission if it produced a loan commitment.  In doing so, FFI willingly assumed the risk — typical among brokers involved in real estate purchase and financing transactions — that it would invest time and effort in attempting to locate a loan commitment, but would fail to do so and never earn a commission.  That is precisely what happened here.

FFI's Amended Complaint never once alleges that FFI ever produced a loan commitment for Citylights.  Instead, FFI argues that it should be reimbursed for its time despite failing to do so.  Essentially, FFI asks the court to rewrite the parties' contract, under which FFI earns a $400,000 commission only if it produces a loan commitment, into a new agreement under which FFI is paid several hundred thousand dollars whether it produces a loan commitment or not.  Because it is clear on the face of FFI's own complaint that it has failed to state a claim against Citylights, the Amended Complaint must be dismissed in its entirety.

**STATEMENT OF FACTS**

In November 2006, Defendant Citylights retained Plaintiff FFI as a mortgage broker to procure a loan commitment letter for a $90-million mortgage.  Amended Complaint ("Am. Compl."), Exhibit A.  Under the terms of the parties' November 1, 2006 contract ("Letter Agreement"), FFI would not earn a commission unless it obtained a loan commitment acceptable to Citylights.  If it did procure a loan commitment, FFI would earn a commission equal to one-half percent of the mortgage amount, which would be payable upon closing.

The Letter Agreement covered an 18-month period.  During the first six months, from November 1, 2006 through May 1, 2007 ("Exclusivity Period"), Citylights was required to

submit any loan request or application through FFI only.  During the next twelve months, from May 2, 2007 through May 1, 2008 ("Solicitation Period"), Citylights was free to submit a loan application on its own or through another broker, but would still pay FFI a commission if Citylights procured a loan commitment through a lender "who was solicited by FFI" on Citylights' behalf during the Exclusivity Period.

On February 29, 2008, after the Exclusivity Period but during the Solicitation Period, Citylights closed on a mortgage for $80 million.  Am.Compl. at ¶18.

In its Amended Complaint, FFI does not allege that it produced or procured a loan commitment for Citylights.  Nor does it allege that it solicited the lender Citylights ultimately used.  In fact, FFI pleads that Citylights, not FFI, originally identified the lender as a potential financing source.  Am.Compl. at ¶8.

Nevertheless, FFI pleads that it is entitled to a commission because it invested time and effort in working toward a loan commitment.  For example, FFI alleges that it performed tasks that assisted Citylights in negotiating the loan, such as analysis of applications, review of financing and other issues, preparation of memoranda and assembly of various reports and documents. Am.Compl. at ¶¶9,25.  Citylights alleges that it solicited other lenders, and analyzed other unspecified commitment offers.  Am.Compl. at ¶9.  It also alleges that it generated emails, placed telephone calls and attended meetings.  Am.Compl. at ¶10.

After Citylights closed on its mortgage, even though FFI did not produce or procure the loan commitment and did not solicit the lender on Citylights' behalf, FFI argued that it had earned a $400,000 commission.  Am.Compl. at ¶11.  Citylights replied that FFI had not earned a commission under the Letter Agreement because it did not produce or procure a loan

commitment, and that Citylights therefore had no obligation to pay FFI $440,000. Am.Compl. at ¶11.

## ARGUMENT

**I.     FFI FAILS TO ALLEGE THE BASIC ELEMENTS OF A BREACH-OF-CONTRACT CLAIM.**

In order to state a claim for breach of contract, FFI must allege (1) the existence of a valid contract, (2) FFI's performance under that contract, (3) a breach of that contract, and (4) damages. *See Furia v. Furia*, 116 A.D.2d 694, 695, 498 N.Y.S.2d 12, 13 (1st Dep't 1986). Here, FFI has failed to allege that it performed under the contract by procuring a loan commitment. Its breach-of-contract claim must therefore be dismissed. To the extent that FFI argues it earned a commission anyway because its efforts helped Citylights procure a loan commitment elsewhere, FFI has misstated the terms of the contract.

**A.     FFI Fails to Allege That It Earned a Commission by Producing a Loan Commitment.**

The contract at issue in this case, which is attached to FFI's complaint as Exhibit A, is a short one-page letter. In that letter, FFI is entitled to payment under only two circumstances. First, FFI could earn a commission if it solicited a particular lender during the six-month Exclusivity Period and Citylights then closed a loan with that lender at some point during the following twelve months. FFI does not allege that it earned a commission in this manner. To the contrary, FFI specifically acknowledges that it was Citylights, not FFI, that originally identified the lender. Am.Compl. at ¶8.

Second, FFI could earn a commission by producing a loan commitment:

> Should FFI produce a loan commitment substantially in accordance with Borrower's [Citylights'] criteria as set forth on Exhibit A and acceptable to the Board in their sole discretion then Borrower shall pay FFI a placement fee equal to ½% of the first mortgage amount. Such fee shall be earned upon commitment and payable on the closing date.

FFI does not allege it earned a commission in this manner either.  In order to state a claim against Citylights under this clause, FFI would have to allege that it produced a loan commitment, that the loan closed and that Citylights nevertheless refused to pay the agreed-upon commission.  *See, e.g., Midland Mortgagee Corp. v. 220 Highland Blvd. Realty Co*., 156 A.D.2d 351, 352, 548 N.Y.S.2d 304, 305 (2d Dep't 1989)(broker not entitled to commission absent loan commitment, where contract provided that commission would be earned upon commitment and payable on closing).

  Here, FFI effectively concedes that it never produced any loan commitment in the first place and never solicited the lender Citylights ultimately used, because nowhere in its Amended Complaint does it ever allege that it did.  Absent pleading the requisite contract performance, FFI cannot claim it earned a commission.  *Orenstein v. Brum*, 27 A.D.3d 352, 353, 811 N.Y.S.2d 644, 646 (1st Dep't 2006)("Nor do issues of fact exist as to whether plaintiff is entitled to a mortgage broker's commission where plaintiff does not claim that he ever obtained a commitment letter.").

  FFI has therefore failed to state a claim for breach of contract.  *Brown v. Thompson Hill Devel. Co*., 248 N.Y. 290, 293, 162 N.E. 83, 84 (1928)(where broker failed to obtain loan commitment on terms prescribed by contract, broker not entitled to recover commission because it failed to perform under the contract).  Under these circumstances, the breach-of-contract claim must be dismissed.  *See Thomson McKinnon Secs. Inc. v. Cioccolanti*, 555 N.Y.S.2d 792, 793-94 (1st Dep't 1990) (upholding dismissal of breach of contract claim in a commission dispute with a mortgage broker where broker failed to meet the conditions specified in the parties' agreement).

**B.    FFI's Misrepresentation of the Contract Terms Must be Ignored by this Court.**

Doubtless recognizing that its failure to secure a loan commitment defeats its cause of action, FFI misstates the terms of the Letter Agreement to invent a basis for claiming a nonexistent right to payment. However, FFI's conclusory pleadings regarding the contract terms are irrelevant. On a motion to dismiss, this Court must consider only the terms of the Letter Agreement itself, ignoring the Amended Complaint's allegations regarding the terms or provisions of that document:

> Interpretation of the contract is a legal matter for the court, and its provisions establish the rights of the parties and prevail over conclusory allegations in the complaint. Thus, we must determine defendant's obligation from the contract and if it does not appear from the pleading as a whole that defendant has wrongfully withheld its promised performance, the complaint must be dismissed.

*805 Third Ave. Co. v. M.W. Realty Assocs.*, 58 N.Y.2d 447, 451, 448 N.E.2d 445, 447, 461 N.Y.S.2d 778, 780 (1983); *see also Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F.Supp.2d 179, 184 (S.D.N.Y. 2000)("If these documents contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint.").

In its Amended Complaint, FFI claims that the letter agreement commits Citylights to pay FFI a commission if FFI merely "assists in negotiating the re-financing and the rate lock agreement" for a hypothetical "other loan application [Citylights] intends to submit to any other lender" during the contract term. The Complaint alleges in full:

> "The brokerage letter agreement provided for plaintiff FFI to earn a mortgage commission of one half per cent of Board approved new financing upon the occurrence of either of two events: (i) where plaintiff FFI procures an approved loan commitment for the defendant Coop and also obtains a rate lock agreement (ii) where the defendant Coop refers to plaintiff FFI any other loan application it intends to submit to any other lender during the exclusive period of

      the brokerage agreement, where plaintiff assists in negotiating the re-financing and the rate lock agreement.

Am.Compl. at ¶7.

Not surprisingly, FFI does not quote or cite the Letter Agreement for this remarkable proposition. It does not because it cannot. The Letter Agreement refers to only one loan, the terms of which were "specifically set forth in Exhibit A." And it refers to only two ways to earn a commission on that loan, either by producing a loan commitment or soliciting the lender, as discussed above. Although FFI's Amended Complaint theorizes that FFI might earn a commission for assistance "negotiating" the financing terms, the Letter Agreement itself never uses that word anywhere in its text. Certainly, it does not commit Citylights to paying any commission at all (let alone the same or higher commission as would be earned for procuring a loan commitment) for merely negotiating or assisting Citylights in its efforts.

Thus, FFI's mischaracterization of the Letter Agreement's terms carries no weight, is entitled to no deference, and must be ignored by this Court in determining whether FFI has stated a claim against Citylights for breach of contract. Because FFI has failed to plead its own performance under the Letter Agreement, the Complaint must be dismissed in its entirety.

## II.     FFI'S QUASI-CONTRACT CLAIM MUST BE DISMISSED.

### A.     FFI's Quantum Meruit Claim Is Barred By The Parties' Contract.

FFI's second cause of action based on quantum meruit is barred as a matter of law because the parties have a written contract covering the subject matter of the dispute. *Orenstein v. Brum*, 27 A.D. 3d at 353, 811 N.Y.S.2d at 646 (upholding dismissal of quantum meruit claims in a mortgage broker commission dispute, where an express contract existed covering the same subject matter); *see also Goldstein v. CIBC World Markets Corp.*, 6 A.D.3d 295, 296, 776 N.Y.S.2d 12, 14 (1st Dep't 2004)("A claim for unjust enrichment, or quasi contract, may not be

maintained where a contract exists between the parties covering the same subject matter.") citing *Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987).

In this case, the parties' Letter Agreement squarely addresses the core issue in this lawsuit — under what circumstances FFI would be entitled to a commission. Consequently, FFI cannot state a claim in quasi-contract, which properly applies only where the parties lack a formal agreement addressing the transaction.

FFI is asking this Court to rewrite an existing contract it no longer likes. Whereas the Letter Agreement conditions payment upon production of a loan commitment, under FFI's proposed modification, FFI would be paid for its efforts whether it ever procured a loan commitment or not. New York courts have refused to permit mortgage brokers to use quantum meruit claims as a fallback method of payment when they fail to earn a commission by procuring a commitment letter. *See, e.g., Affiliated Capital Services Corp. v. West Atlantic City Assocs.*, 760 F.Supp. 1067, 1077 (W.D.N.Y. 1991); *Thomson McKinnon*, 161 A.D.2d at 524, 555 N.Y.S.2d at 793-94.

In *Affiliated Capital*, as here, the plaintiff sued to recover a broker's commission for loan financing. Plaintiff argued that it was entitled to a commission under the parties' contract, and if not, that it should nevertheless recover in quasi-contract because "defendants ha[d] been unjustly enriched" by plaintiff's efforts "arranging and making possible" the financing. *Affiliated Capital*, 760 F.Supp. at 1076. In dismissing the quasi-contract claim, the court distinguished between cases where a defendant disputed the existence of an alleged contract, where alternative pleading was permissible, and cases where it admitted the contract and disputed only liability, where it was not:

> So long as the existence, validity and enforceability of the [contract] remain uncontested, and this Court finds such to be the case, plaintiff cannot assert entitlement to a brokerage commission based on simultaneous theories of breach of contract and quasi-contract under New York law.

*Affiliated Capital*, 760 F.Supp. at 1077.  Here, Citylights acknowledges FFI's claim that the parties had a binding contract governing FFI's right to a commission.  It disputes only whether it is liable to FFI for a commission under that contract.  Plaintiff's quasi-contract claim must therefore be dismissed.

### B. Under New York Common Law, Mortgage Brokers Must Procure a Loan Commitment in Order to Earn a Commission.

Even if FFI's claims were not barred by the Letter Agreement, which they are, FFI would not be entitled to recover a commission from Citylights.  Under New York common law, which mirrors the parties' contract on this point, a mortgage broker cannot recover from the borrower simply by arguing that the borrower benefited from the broker's efforts.  In order to earn a commission, the mortgage broker must actually obtain a loan commitment:

> [A] broker is never entitled to commissions for unsuccessful efforts; … the risk of failure is wholly his though he expend much time, effort and money, yet if he fails to effectuate an agreement or accomplish a bargain, or his authority is fairly terminated in good faith he gains no right to a commission. … the [broker] cannot thereafter claim compensation … even though to some extent, the seller might justly be said to have availed himself of the fruits of the broker's labor.

*Thoens v. J.A. Kennedy Realty Corp.*, 179 A.D. 216, 220, 108 N.Y.S.2d 882, 885 (1st Dep't 1951)(internal citations and quotation marks omitted) citing *Sibbald v. Bethlehem*, 83 N.Y. 378, 384 (1881).

## CONCLUSION

Based on the foregoing, the Court should dismiss the Amended Complaint in its entirety.

Dated: New York, New York
May 28, 2008

        BLANK ROME LLP

        By:___s/_Harris N. Cogan_____
            Harris N. Cogan (HC-9313)
            Jennifer S. Smith (JS 1941)
        405 Lexington Avenue
        New York, New York 10174
        (212) 885-5000
        *Attorneys for Defendant*