Harris N. Cogan (HC 9313)
Jennifer S. Smith (JS 1941)
Blank Rome LLP
405 Lexington Avenue
The Chrysler Building
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5002
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – —– – – – – X
:
FIRST SERVICE FINANCIAL INC.,                                  :
:
                           Plaintiff,                          :
                                                               :    08-CV-03312 (BSJ) (FM)
            -against-                                          :
                                                               :
THE CITY LIGHTS AT QUEENS LANDING INC.,                        :
                                                               :
                           Defendant.                          :
– – – – – – – – – – – – – – – – – – – – – – – – – – —– – – – – X


**DEFENDANT'S REPLY MEMORANDUM OF LAW
<u>IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>**

-i-

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT .........................................................................................................................1

I.     FFI Fails To State a Claim for Breach of Contract. ..................................................1

    A.     FFI Admits that it was not the Procuring Cause of the Loan Commitment. ............1

    B.     FFI Is Not Entitled to a Commission for Failing to Procure or Produce a Loan Commitment, Even if its Unsuccessful Efforts Benefited Citylights in Procuring a Loan Commitment of its Own. .........................................................2

        1.     "Procuring" and "Producing" are synonyms in New York brokerage law. ..........................................................................................3

        2.     FFI mistakenly relies on the exclusivity clause, which provides no independent right to payment. ................................................................4

II.     The Parties Agree That Quantum Meruit Claims are Barred Where, As Here, the Subject Matter is Governed by an Express Contract. ...........................8

CONCLUSION .......................................................................................................................9

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Affiliated Capital Services Corp. v. West Atlantic City Associates*,
   760 F. Supp. 1067 (W.D.N.Y. 1991) ...........................................................................8

*Metropolitan Life Insurance Co. v. RJR Nabisco*, 906 F.2d 884 (2d Cir. 1990) .................7

*Rapoport v. Asia Electronics Holding Co., Inc.*,
   88 F. Supp. 2d 179 (S.D.N.Y. 2000) ...........................................................................7

### STATE CASES

*805 Third Avenue Co. v. M.W. Realty Associates*,
   58 N.Y.2d 447, 448 N.E.2d 445, 461 N.Y.S.2d 778 (1983) .........................................7

*Battery Park Realty, Inc. v. RKO Delaware, Inc.*,
   18 A.D.3d 680, 795 N.Y.S.2d 351 (2d Dep't 2005) ................................................5, 9

*Brown v. Thompson Hill Devel. Co.*, 248 N.Y. 290, 162 N.E. 83 (1928) ..........................2

*Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*,
   70 N.Y.2d 382, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987) .........................................8

*Donovan v. Weed*, 182 N.Y. 43, 74 N.E. 563 (1905) ...........................................................4

*Goldstein v. CIBC World Markets Corp.*,
   6 A.D.3d 295, 776 N.Y.S.2d 12 (1st Dep't 2004) .......................................................8

*Graziano v. Barrell*, 127 N.Y.S.2d 130 (N.Y. City Ct. 1953) ............................................3

*Joseph Sternberg, Inc. v. Walber 36th Street Associates*,
   187 A.D.2d 225 (1st Dep't 1993) ................................................................................8

*Kahn v. Imershein*, 246 N.Y. 565, 159 N.E. 654 (1927) ....................................................5

*Kalkstein v. Jackson*, 132 A.D. 1, 116 N.Y.S. 302 (2d Dep't 1909) ..................................3

*Multiloan Mortgage Co. v. Asian Gardens Limited*,
   303 A.D.2d 658, 757 N.Y.S.2d 312 (2d Dep't 2003) ..................................................2

*Preston v. Rice*, 185 A.D. 682, 173 N.Y.S. 691 (1st Dep't 1919) ......................................3

## TABLE OF AUTHORITIES
(continued)

Page

*R.B. Williams Holding Corp. v. Ameron Intern. Corp.*,
   2001 WL 266026 (W.D.N.Y. Mar. 12, 2001)...........................................................3, 7

*Sibbald v. The Bethlehem Iron Company*, 83 N.Y. 378 (1881) ..........................................3

*Thoens v. J.A. Kennedy Realty Corp.*,
   279 A.D.216, 108 N.Y.S.2d 882 (1st Dep't 1951) .......................................................2

*Thomson McKinnon Securities Inc. v. Cioccolanti*,
   555 N.Y.S.2d 792 (1st Dep't 1990) ..............................................................................2

*Transaction Advisory Services v. Silver Bar Holding*,
   38 A.D.3d 241, 831 N.Y.S.2d 159 (1st Dep't 2007) ....................................................3

*Walpole v. Cicerale*, 105 N.Y.S.2d 311 (N.Y.Mun.Ct. 1951) ............................................3

**PRELIMINARY STATEMENT**

The parties to this lawsuit agree that FFI was not the procuring cause of the loan commitment, and therefore is not entitled to a commission on that basis. The parties also agree that a quantum meruit claim must be dismissed where the subject matter of the dispute is governed by an express contract, and Citylights acknowledges FFI's claim that the Letter Agreement governs this dispute.

Consequently, the only issue before the Court is one of contract interpretation — whether the parties' contract permits FFI to recover a commission for work that merely *assists* Citylights' procurement of its own loan commitment, even though both parties concede that FFI was not itself the procuring cause. As discussed below, it does not. The parties' contract expressly requires FFI to *either* procure a loan commitment *or* solicit the lender in order to earn a commission. Because FFI freely admits it fulfilled neither condition, this Court must dismiss the Amended Complaint in its entirety for failure to state a claim.

**ARGUMENT**

**I.    FFI FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.**

    **A.    FFI Admits that it was not the Procuring Cause of the Loan Commitment.**

Unlike the typical brokerage case, in which the broker alleges that it was the procuring or producing cause of a loan commitment and the defendant argues that it was not, in this case FFI and Citylights *agree* that FFI was not the procuring or producing cause of the loan commitment Citylights eventually signed. FFI also admits that it did not solicit the lender that provided Citylights with a loan commitment. Because these are the only two conditions under which FFI would earn a commission under the Letter Agreement, as discussed in detail below, FFI's breach-of-contract claim must be dismissed.

**B.     FFI Is Not Entitled To A Commission For Failing To Procure Or Produce A Loan Commitment, Even If Its Unsuccessful Efforts Benefited Citylights In Procuring A Loan Commitment Of Its Own.**

An occupational hazard of the real estate brokerage business is that brokers work on numerous projects, some of which result in an earned commission and some of which do not. New York courts routinely hold brokers to the express language of their contracts and refuse to award a commission if the broker has not fulfilled the conditions of its contract. *See, e.g., Brown v. Thompson Hill Devel. Co.*, 248 N.Y. 290, 293, 162 N.E. 83, 84 (1928); *Thomson McKinnon Secs. Inc. v. Cioccolanti*, 555 N.Y.S.2d 792, 793-94 (1st Dep't 1990) (upholding dismissal of breach of contract claim in a commission dispute with a mortgage broker where broker failed to meet the conditions specified in the parties' agreement); *Thoens v. J.A. Kennedy Realty Corp.*, 279 A.D. 216, 220, 108 N.Y.S.2d 882, 885 (1st Dep't 1951) ("[A] broker is never entitled to commissions for unsuccessful efforts."). In financing transactions, that condition is typically procuring or producing a loan commitment satisfactory to the borrower. *Multiloan Mortgage Co. v. Asian Gardens Limited*, 303 A.D.2d 658, 660, 757 N.Y.S.2d 312, 315 (2d Dep't 2003) ("In general, a mortgage broker earns a commission when it obtains a commitment letter from a lender which meets all the terms and conditions of the loan which the borrower stipulated to in the agreement with the broker."). And the parties followed that standard in drafting their contract in this case. Letter Agreement ("Should FFI produce a loan commitment … Borrower shall pay FFI a [commission].") In an effort to evade this well-settled rule and collect a commission that it has not earned, FFI misrepresents — and on occasion actually misquotes — the text of the Letter Agreement.

       **1.**       **"Procuring" And "Producing" are synonyms in New York brokerage law.**

First, FFI sets up a false dichotomy between the words procure and produce under New York law. Contrary to FFI's claim, which is unsupported by a single legal citation or case precedent, New York courts use the two terms interchangeably in discussing real estate broker cases. In fact, one of the most common formulations of the well-known "procuring cause" test is that "a party is the *procuring cause* of a contract when he is employed to make a sale and makes such sale 'either directly, or as its efficient and *producing cause*.'" *R.B. Williams Holding Corp. v. Ameron Intern. Corp.*, 2001 WL 266026 at *12 (W.D.N.Y. Mar. 12, 2001)(emphasis added)(*quoting Sibbald v. The Bethlehem Iron Company*, 83 N.Y. 378, 380 (1881)); *see e.g., Graziano v. Barrell*, 127 N.Y.S.2d 130, 133 (N.Y. City Ct. 1953)(defining procuring cause as the efficient and producing cause); *Kalkstein v. Jackson*, 132 A.D. 1, 116 N.Y.S. 302, 303 (2d Dep't 1909)(using the phrases procuring cause and producing cause interchangeably).

Contrary to FFI's contention, although soliciting a lender or purchaser is often part of a broker's efforts in procuring a real estate transaction, a broker may be the procuring cause of a transaction without introducing the parties. *Transaction Advisory Services v. Silver Bar Holding*, 38 A.D.3d 241, 831 N.Y.S.2d 159, 160 (1st Dep't 2007)(refusing to classify contract as one for real estate broker services where "[t]here was no evidence that the [plaintiff] introduced the [parties] or *otherwise* was the procuring cause of the real estate transaction")(emphasis added); *Preston v. Rice*, 185 A.D. 682, 684-85, 173 N.Y.S. 691, 692 (1st Dep't 1919) (awarding commission to broker who was producing cause of real estate transaction, even though parties were introduced by different broker); *Walpole v. Cicerale*, 105 N.Y.S.2d 311, 313 (N.Y.Mun.Ct. 1951)("The fact that the purchaser is one whom the broker introduced, and that the sale was in

some degree aided by his previous efforts, does not give him a right to commission.")(*citing*

*Donovan v. Weed*, 182 N.Y. 43, 46, 74 N.E. 563, 564 (1905)).

Thus, there is no legal significance whatsoever to the Letter Agreement's initial use of the phrase "procure a loan commitment" and its subsequent use of the phrase "produce a loan commitment," as these terms are used interchangeably in New York real estate law. Certainly, there is no basis in New York law for FFI to propose that procuring a loan commitment refers to soliciting a lender, whereas producing a loan commitment refers to assisting in negotiations.[1]

### 2. FFI mistakenly relies on the exclusivity clause, which provides no independent right to payment.

Ultimately, FFI stakes its claim to a $400,000 commission on its misrepresentation that the Letter Agreement allows it to recover a commission for merely assisting Citylights in obtaining a loan commitment, without actually being the procuring cause of that loan commitment. That is not what the Letter Agreement provides.

The one-page Letter Agreement contains only two paragraphs that grant FFI a right to earn a commission. The contract's third paragraph provides that FFI can earn a commission by producing a loan commitment:

> Should FFI produce a loan commitment substantially in accordance with Borrower's criteria as set forth on Exhibit A and acceptable to the Board in their sole discretion then *Borrower shall pay FFI* a placement fee equal to ½% of the first mortgage amount. Such fee shall be earned upon commitment and payable on the loan closing date. (emphasis added)

This contract term requires FFI to produce or procure a loan commitment in order to earn a commission. In its complaint, FFI failed to plead that it produced or procured a loan

---

[1] FFI misquotes Citylights' brief when it claims Citylights defines procuring a loan commitment as soliciting a lender. FFI Mem. at 6. The passage quoted from Citylights' brief refers to the Letter Agreement's two alternate methods of earning a commission, *either* by procuring or producing a loan commitment, *or* by soliciting the lender ultimately used during the exclusive term. Memorandum of Law of Citylights ("Citylights Mem.") at 2.

-4-

commitment. In its opposition brief, FFI conceded that it has not done so. FFI has failed to state a claim for a commission under this contract clause.

The Letter Agreement's fifth and final paragraph provides a savings clause. In the event that FFI was instrumental in bringing Citylights together with a lender during the exclusive term, even though FFI did not itself procure a loan commitment and Citylights did not procure the loan commitment until after its exclusive contract with FFI expired on May 1, 2007, FFI would still be paid a commission:

> Should Borrower procure loan(s), at any time for a period of one year after expiration of the [Nov. 1, 2006 through May 1, 2007] Term, from a lender who was solicited by FFI during the Term of this agreement on behalf of Borrower, *Borrower shall pay FFI* in accordance with the terms of this agreement on or before the loan closing date, as if the agreement Term continued until the date of the actual loan closing. (emphasis added)

This contract term requires FFI to solicit a lender between November 1, 2006 and May 1, 2007 in order to earn a commission. In its complaint, FFI pleaded that it did not solicit the lender from which Citylights procured the loan commitment. In its opposition brief, FFI likewise conceded that it had not solicited the lender. FFI has failed to state a claim for a commission under this contract clause.

The Letter Agreement contains no other language directing Citylights to pay FFI a commission under any circumstances. Because FFI has failed to plead performance of its obligations under the Letter Agreement, the Amended Complaint must be dismissed. *Kahn v. Imershein*, 246 N.Y. 565, 566, 159 N.E. 654 (1927)(affirming dismissal of complaint where plaintiff failed to plead performance); *Battery Park Realty, Inc. v. RKO Delaware, Inc.*, 18 A.D.3d 680, 681, 795 N.Y.S.2d 351, 352 (2d Dep't 2005) (dismissing claim where broker failed to fulfill contractual conditions for earning commission).

In its opposition brief, FFI falsely claims that the Letter Agreement permits it to earn a commission in the event it fails to procure or produce a loan commitment for Citylights, but nevertheless provides support services that assist or facilitate Citylights' procurement of its own loan commitment. To support its claim, FFI miscites the Letter Agreement's exclusivity provision:

> Unless extended by the parties in writing, the term of this agreement shall be for a period of six months from the date hereof (the "Term"). During the Term [Nov. 1, 2006 through May 1, 2007], Borrower will not engage any other broker, agent or consultant to assist it in procuring any loan(s) and shall refrain from submitting any loan request or application, except with the assistance of FFI pursuant to the terms hereof.

The sole purpose of this provision is to prevent Citylights from working with any other broker for a six-month period, so that FFI has an increased chance of procuring a loan commitment and earning a commission in exchange for its efforts. Nowhere in this clause is there any independent promise to pay FFI a $400,000 commission, let alone language abrogating the Letter Agreement's express conditions for earning that commission.

Nevertheless, FFI argues that the penultimate phrase "except with the assistance of FFI" combined with the final phrase "pursuant to the terms hereof" means that FFI is contractually entitled to a commission for services that assist Citylights but fall short of actually procuring a loan commitment. But FFI does not even attempt to explain why the phrase "pursuant to the terms hereof" would incorporate only selective terms (the right to a commission) rather than all contract terms equally (including the conditions for earning that commission). Nor does it attempt to explain why the phrase "except with the assistance of FFI" would negate the express contractual definition of the precise level of assistance required to trigger the right to a commission — producing a loan commitment or soliciting the lender.

In any event, this paragraph plainly applies for only a six-month period, from the date the Letter Agreement was signed on November 1, 2006 until May 1, 2007. Because FFI concedes that Citylights did not obtain a loan commitment until February 29, 2008, nearly a year and a half after the Letter Agreement was executed, this paragraph does not and cannot support FFI's claim for breach of contract. Am. Compl. ¶ 18.

Contrary to FFI's claim that its interpretation of the Letter Agreement is entitled to deference on a motion to dismiss, contract interpretation is the exclusive province of the Court. *805 Third Ave. Co. v. M.W. Realty Assocs.*, 58 N.Y.2d 447, 451, 448 N.E.2d 445, 447, 461 N.Y.S.2d 778, 780 (1983)("Interpretation of the contract is a legal matter for the court … [If] it does not appear from the pleading as a whole that defendant has wrongfully withheld its promised performance, the complaint must be dismissed.") (internal citations omitted); *see also Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000)("If these documents [referenced in complaint] contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint.").

Further, because FFI's interpretation of the Letter Agreement is unreasonable, the Court must reject it:

> Language whose meaning is otherwise plain is not ambiguous merely because the parties urge different interpretations during the litigation. The court should not find the language ambiguous on the basis of the interpretation urged by one party, where that interpretation would strain the contract language beyond its reasonable and ordinary meaning.

*R.B. Williams*, 2001 WL 266026 at *10 (ellipsis omitted) (*citing Metropolitan Life Ins. Co. v. RJR Nabisco*, 906 F.2d 884, 889 (2d Cir. 1990)). FFI's breach-of-contract claim must be dismissed.

**II.    THE PARTIES AGREE THAT QUANTUM MERUIT CLAIMS ARE BARRED WHERE, AS HERE, THE SUBJECT MATTER IS GOVERNED BY AN EXPRESS CONTRACT.**

FFI expressly admits in its brief that quantum meruit claims can only co-exist with breach of contract claims "where there is a bona fide dispute as to the existence of a contract or where the contract is said not to cover the dispute in issue." Memorandum of Law of Plaintiff FFI ("FFI Mem.") at 10 (*citing Joseph Sternberg, Inc. v. Walber 36th Street Assocs.*, 187 A.D.2d 225, 227 (1st Dep't 1993)). Citylights agrees.

Citylights does not dispute the existence or validity of the Letter Agreement. Nor does Citylights argue that the Letter Agreement does not apply to the instant dispute. Quite the opposite. Citylights agrees that the Letter Agreement governs FFI's entitlement to a commission.

The only point on which Citylights and FFI disagree, for the purposes of this motion, is whether FFI can recover a commission if it admits to this Court that it neither procured or produced a loan commitment, nor solicited a lender. Under these circumstances, as FFI's own case law dictates, the quantum meruit claim is precluded by the existence of a written contract governing the subject matter of the dispute. *See, e.g., Affiliated Capital Services Corp. v. West Atlantic City Assocs.*, 760 F. Supp. 1067, 1077 (W.D.N.Y. 1991)("So long as the existence, validity and enforceability of the [contract] remain uncontested, and this Court finds such to be the case, plaintiff cannot assert entitlement to a brokerage commission based on simultaneous theories of breach of contract and quasi-contract under New York law."); *Goldstein v. CIBC World Markets Corp.*, 6 A.D.3d 295, 296, 776 N.Y.S.2d 12, 14 (1st Dep't 2004)("A claim for unjust enrichment, or quasi contract, may not be maintained where a contract exists between the parties covering the same subject matter.") (*citing Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987)); *Sternberg*, 187 A.D.2d at 228

(reinstating quantum meruit claim where parties lacked an express contract governing the dispute at issue).

FFI's position appears to be that if this Court holds that FFI did not fulfill the contractual requirements for earning a commission, then FFI must necessarily have a quantum meruit claim for the same services.  But this is not the law.  Even if this Court dismisses FFI's breach-of-contract claim because FFI failed to fulfill the contractual conditions, the very existence of that contract still bars FFI's quantum meruit claim.  *Battery Park*, 18 A.D.3d at 681, 795 N.Y.S.2d at 352 (court denied commissions for failure to fulfill contractual conditions, and also dismissed quantum meruit claim because dispute governed by express contract).  FFI's improper quantum meruit claim must be dismissed.

## CONCLUSION

Based on the foregoing, the Court should dismiss the Amended Complaint in its entirety.


Dated: New York, New York
       August 5, 2008


                                        BLANK ROME LLP


                                        By:___s/_Harris N. Cogan_____
                                              Harris N. Cogan (HC 9313)
                                              Jennifer S. Smith (JS 1941)
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        (212) 885-5000
                                        *Attorneys for Defendant*