```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
FIRST SERVICE FINANCIAL INC.        :
                                    :
                     Plaintiff,     :
           v.                       :      08 Civ. 3312
                                    :      Opinion & Order
CITY LIGHTS AT QUEENS LANDING, INC. :
                                    :
                     Defendant.     :
                                    :
                                    :
------------------------------------X
```



**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff First Service Financial, Inc. ("FFI") brings this action against Defendant City Lights at Queens Landing Inc. ("City Lights"), claiming breach of contract and unjust enrichment / quantum meruit. Defendant moves for dismissal pursuant to Rule 12(b)(6). That motion is GRANTED in part and DENIED in part.

**BACKGROUND**

In November 2006, City Lights retained FFI as a mortgage broker to procure a loan commitment letter for a mortgage. (Opp'n Ex. B, the "Agreement".) The Agreement covered a six month period, as well as a subsequent twelve month period: during the initial six months, from November 1, 2006 through May 1, 2007, City Lights was required to submit any loan request or application through FFI only; during the next twelve months, from May 2, 2007 through May 1, 2008, City Lights was free to submit a loan application on its own or through another broker, but would still pay FFI a commission if City Lights procured a loan commitment through a lender "who was

solicited by FFI" on City Lights's behalf during the initial six month period. (Opp'n Ex. B.)

The third, fourth, and fifth paragraphs of the Agreement read as follows:

> Should FFI produce a loan commitment substantially in accordance with Borrower's criteria as set forth on Exhibit A and acceptable to the Board in their sole discretion then Borrower shall pay FFI a placement fee equal to ½% of the first mortgage amount. Such fee shall be earned upon commitment and payable on the loan closing date.
>
> Unless extended by the parties in writing, the term of this agreement shall be for a period of 6 months from the date hereof (the 'Term'). During the Term, Borrower will not engage any other broker, agent or consultant to assist it in procuring any loan(s) and shall refrain from submitting any loan request or application, except with the assistance of FFI pursuant to the terms hereof.
>
> Should Borrower procure loan(s), at any time for a period of one year after expiration of the Term, from a lender who was solicited by FFI during the Term of this agreement on behalf of Borrower, Borrower shall Pay FFI in accordance with the terms of this agreement on or before the loan closing date, as if the agreement Term continued until the date of the actual loan closing. (Opp'n Ex. B.)

On February 29, 2008 (after both periods covered by the Agreement had concluded), City Lights closed on a mortgage for $80 million. City Lights, not FFI, originally solicited the lender. Plaintiff alleges that it assisted Defendant in negotiations on this deal over a fifteen month period leading up to its finalization. (Am.Compl. at paras. 8, 18.)

**STANDARD OF REVIEW**

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief may be granted. "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court

is required to accept the material facts alleged in the complaint as true." Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). The court is also required to read a complaint generously, drawing all reasonable inferences from its allegations in favor of the plaintiff. California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ----, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations omitted). A plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert. granted,* 128 S.Ct. 2931 (2008).

In deciding a motion to dismiss, this court may consider the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit. Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir.2000); San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 808 (2d Cir. 1996).

**DISCUSSION**

Plaintiff's Amended Complaint brings claims for breach of contract and for unjust enrichment / quantum meruit.

## I. Breach of Contract

"Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir.1994); Stokes v. Lusker, No. 08-cv-3667, 2009 WL 612336, at *7 (S.D.N.Y. March 4, 2009).

Where there is no ambiguity to a contract and "'the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law,' and a claim turning on that interpretation may be resolved on a motion to dismiss." Grand Heritage Mgmt., LLC v. Murphy, No. 06 Civ. 5977, 2007 WL 3355380, at *4 (S.D.N.Y. Nov. 7, 2007) (quoting PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1199 (2d Cir.1996)). Whether a contract clause is ambiguous is a question of law. See Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002). "Ambiguity exists when a material contract term or clause is susceptible of 'more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" Grand Heritage Mgmt., 2007 WL 3355380, at *4 (quoting World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co., 345 F.3d 154, 184 (2d Cir. 2003)).

Plaintiff here alleges that it performed under the Agreement and was entitled to compensation that it did not receive.

Under the Agreement, attached as an Exhibit to the Amended Complaint, there are two acts (performances) that trigger Plaintiff's right to compensation: 1) Plaintiff could produce a loan commitment between November 1, 2006 and May 1, 2007; and 2) Plaintiff could solicit the lender with whom Defendants, at some point between May 2, 2007 and May 1, 2008, secure a mortgage deal, even where Plaintiff was not the "procuring cause" of that ultimate deal. (Opp'n Ex. B.)

Plaintiff argues that there is a third means of performance warranting compensation: "where the [Borrower] refers to plaintiff FFI any other loan application it intends to submit to any other lender during the exclusive period of the brokerage agreement, where plaintiff assists in negotiating the re-financing and the rate lock agreement." (Am.Compl. at para. 7.) Plaintiff claims that this third option is spelled out in the fourth paragraph of the Agreement, which states: "Borrower will not engage any other broker, agent or consultant to assist it in procuring any loan(s) and shall refrain from submitting any loan request or application, except with the assistance of FFI pursuant to the terms hereof." (Opp'n Ex. B.) Plaintiff argues that the phrase "pursuant to the terms hereof" refers back to the clause in the third paragraph that guarantees compensation, meaning that Plaintiff's "assistance" would entitle it to ½% compensation. (Opp'n at 3-4.)

Read both by its own terms and in the context of the contract as a whole, the fourth paragraph of the Agreement does not create a right of compensation for "assistance."

Based upon a plain reading of the fourth paragraph, the Court has determined that this section is meant only to address duration and exclusivity. The first sentence of the

paragraph establishes the "term" of the Agreement: six months. The second sentence (of the two sentence paragraph) then imposes an exclusivity obligation upon City Lights during that period. The final clause, "except with the assistance of FFI pursuant to the terms hereof," merely forbids City Lights from submitting any loan requests or applications during the six month period without the participation of FFI, which is thereby given an opportunity to bring that request or application to a final agreement (subject to City Light's discretion) within the six month period. This interpretation abides by the plain meaning of the words and does not render redundant or inconsistent any other portion of the Agreement.

Plaintiff's proposed reading, on the other hand, posits that the fourth paragraph's use of the term "assistance," coupled with the phrase "pursuant to the terms hereof," establishes "assistance" as a means of performance entitled to compensation. Plaintiff further argues that compensation is due no matter when the assistance was provided, and no matter when the deal was ultimately closed. That is, the Plaintiff claims that the fourth paragraph, which begins by stating that the term of the Agreement shall be six months, and uses no language that suggests an exception to that term of duration, creates an implicit right of compensation that carries on infinitely into the future.[1]

---

[1] Plaintiff also attempts to support its interpretation by pointing to the Agreement's use of the terms "produce" and "procure." Plaintiff argues that the term "produce" is used in the third paragraph as a general term meant to encompass, in addition to legal procurement or solicitation of a lender, mere "assistance" in negotiations leading to a finalized mortgage deal. Plaintiff contrasts this to the Agreement's use of "procure," which is claimed to have a narrower meaning. However, Plaintiff's structural argument on this issue fails to offer a coherent definition for either term (for example, what, under this proposed definition, "procure" could mean in the Agreement's fifth paragraph). Moreover, Plaintiff's interpretation finds no support in the assertion that there is a "legal" distinction between "procure" and "produce": New York law appears to use the terms synonymously. See, e.g. Poznanski v. Wang, No. 05-cv-01870, 2008 WL 5191435, at * 2 (N.Y.Sup. 2008) ("To establish that he or she was the procuring cause of the sale, the broker must demonstrate that he or she has produced a ready, willing and able purchaser who came to a meeting of the minds with the seller as to all of the material terms of the sale.") (citing Heelan Realty & Dev. Corp. v. Ocskasy, 27 AD.3d 620, 621 (2nd Dept., 2006); R.B. Williams Holding Corp. v. Ameron Intern. Corp. No. 97-cv-0769, 2001 WL 266026, at *12 (W.D.N.Y.,2001) ("Under New York law a party

Further, the structure of the Agreement provides no support for Plaintiff's interpretation. The parties agree that both the third and the fifth paragraphs of the Agreement do create rights of compensation. Both of those paragraphs are explicit in so doing, and are structured so as to leave no confusion. Both paragraphs make explicit the performance in question (para. 3 – "Should FFI produce a loan commitment… ; para. 5 "Should Borrower procure loan(s)…from a lender who was solicited by FFI"). In both paragraphs, directly following the performance clause, there is a clause that makes explicit the right of compensation by use of the phrase, "Borrower shall pay FFI." The fourth paragraph, in contrast, makes neither performance nor compensation explicit. If the phrase "pursuant to the terms hereof" alone establishes a right of compensation, then the fifth paragraph would use that phrase alone, rather than stating, "Borrower shall pay FFI in accordance with the terms of this agreement."

Plaintiff's reading of the Agreement is unreasonable. Because the Agreement does not create a right of compensation for the particular actions taken by the Plaintiff, the failure to pay Plaintiff under the terms of the contract cannot constitute a breach. Plaintiff's claim for breach of contract is therefore DISMISSED.

## II. Quantum Meruit

The elements of an implied-in-law contract claim for *quantum meruit* damages are "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and

---

is the procuring cause of a contract when he is employed to make a sale and makes such sale "either directly, or as its efficient and producing cause.") (quoting Sibbald v. The Bethlehem Iron Company, 83 N.Y. 378, 380 (1881). Plaintiff's proposed interpretation, therefore, finds no support in the Agreement's use of these two terms.

(4) the reasonable value of the services." <u>Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.</u>, 418 F.3d 168, 175 (2d Cir. 2005).

A party cannot recover in quantum meruit "if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim." <u>Id.</u> "To determine that, as a matter of law, [a contract] provision covers the subject matter at issue…[the Court] must find that the language unambiguously covers this subject matter." <u>Gould v. Lightstone Value Plus Real Estate Inv. Trust, Inc.</u>, 301 Fed.Appx. 97, 99 (2d Cir. 2008).

Plaintiff here claims that it has "performed services to the defendant in good faith" pertaining to the mortgage closing on February 29, 2008. (Am.Compl. at para. 25.)

Defendant argues that Plaintiff's quantum meruit claim is barred as a matter of law because the parties have a written contract covering the subject matter of the dispute." (MTD at 6.)

As interpreted by the Court, the Agreement does not cover the sequence of events that is alleged here, where a potential lender was identified by Defendant, Defendant sought Plaintiff's assistance in negotiations with that lender, but where both Plaintiff's assistance (in part) and the closing of the $80 million mortgage deal occurred after the periods addressed by the parties' Agreement had lapsed.

The Defendant's motion to dismiss the unjust enrichment / quantum meruit claim is therefore DENIED.

**CONCLUSION**

Defendant's motion to dismiss the breach of contract claim is GRANTED.

Defendant's motion to dismiss the unjust enrichment / quantum meruit claim is DENIED.

**SO ORDERED:**

_____
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
        March 19, 2009